IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN D. SANTHUFF and<br>DIANA MENDEZ SANTHUFF,<br><br>      **Plaintiffs,**<br><br> v.<br><br>STEVE SEITZ, in his individual<br>capacity,<br><br>      **Defendant.** | 1:05-cv-2517-WSD |

**ORDER**

This matter is before the Court on Defendant Steve Seitz's Motion to Dismiss [8].

**I. BACKGROUND**

On July 21, 2005, Defendant Steve Seitz ("Defendant"), an employee of the Georgia Department of Natural Resources, served a warrant to search Plaintiffs Steven Santhuff and Diana Santhuff's ("Plaintiffs") premises and seized Plaintiffs' property, including numerous turtles maintained and owned by Plaintiffs. (Compl. ¶¶ 4-6.) On September 28, 2005, Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, claiming Defendant violated Plaintiffs' Fourth Amendment rights because

Defendant did not have probable cause to obtain a warrant to search Plaintiffs' premises and to seize Plaintiffs' property.[1]  Plaintiffs seek the return of seized property and damages, among other relief.

On February 16, 2006, a criminal accusation was filed in Gwinnett County State Court, charging Plaintiff Steven Santhuff with six misdemeanor counts of "possessing unpermitted turtles" in violation of Georgia state law.[2]  (Def.'s Mot. to Dismiss at 3.)

## II. DISCUSSION

Defendant claims Plaintiffs' complaint should be dismissed in its entirety pursuant to the Younger abstention doctrine.  Defendant requests, in the alternative, the Court to stay this action until Plaintiff Steven Santhuff's state criminal proceeding has concluded.  (Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Dismiss at 9.)

---

[1] On August 15, 2005, Plaintiff Steven Santhuff filed a similar action in the Superior Court of Gwinnett County.  (See Def.'s Mot. to Dismiss at 2.)

[2] On April 5, 2006, the Court held a telephone conference with the parties regarding Defendant's Motion for Protective Order and Stay of Discovery [13]. The Court granted Defendant's motion and stayed discovery in this matter until the conclusion of the underlying state criminal proceeding, or June 16, 2006, whichever is earlier, at which time the Court will conduct a conference call regarding the status of these proceedings.

In Younger v. Harris, the Supreme Court held that absent extraordinary circumstances federal courts should abstain from interfering with ongoing state criminal proceedings. 401 U.S. 37, 41, 53 (1971). Younger abstention applies if (i) there are pending state proceedings at the time of the federal action, (ii) the state proceedings implicate important state interests and (iii) the state proceedings provide an adequate opportunity to raise federal constitutional questions. For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The parties do not dispute the second and third elements required to apply Younger abstention are met in this case.[3] Plaintiffs claim Younger abstention does not apply in this case because (i) Defendant waived the defense, and (ii) the proceedings in this Court have "progressed beyond the point at which Younger abstention could properly be invoked." (Pls.' Resp. to Def.'s Mot. to Dismiss at 1-5.) Plaintiffs argue that if the criminal case against Plaintiff Steven Santhuff is

---

[3] Plaintiffs do not dispute that the alleged misconduct which forms the basis of Plaintiffs' Section 1983 claim will be an issue in the underlying state criminal proceeding, and Plaintiff Steven Santhuff will have an opportunity to raise federal constitutional challenges to the search warrant in that proceeding.

deemed to have commenced in July 2005, when the search warrant was executed, then Defendant has waived the defense. He argues further that if the criminal case did not commence until February 2006, when charges were filed against him, then this case has proceeded too far to invoke Younger abstention.

Plaintiffs' arguments are not persuasive. For purposes of this motion, the Court is not required to determine whether the criminal case against Plaintiff Steven Santhuff commenced with the issuance of the search warrant or the filing of the criminal accusation. The legal authorities cited by Plaintiffs in support of their waiver argument stand for the proposition that a defendant may choose to waive the Younger abstention defense, or that the Court is not required to consider the defense if it is never raised by the parties. See, e.g., McCune v. Frank, 521 F.2d 1152, 1158 n.15 (2d Cir. 1975); In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367, 373 (2d Cir. 2005). These authorities do not suggest the Younger abstention defense is waived when it is raised within two weeks of the filing of a criminal accusation in state court and before substantive determinations have been made in the federal action. The Court also is unaware of any authorities supporting the implied waiver argument Plaintiffs advance here. Accordingly, the Court finds

the Younger abstention defense has not been waived and Defendant has raised it in a timely manner.

The Court next determines whether the first element for application of Younger, that there is a pending state proceeding at the time of the federal action, is satisfied.

> For Younger abstention purposes, the Supreme Court has held that the determination of whether a prosecution is pending is not made based on the respective commencement dates of the state and federal actions. Instead, the Court has ruled that federal courts are to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in the federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided. The state prosecution therefore need not predate the federal action for Younger abstention to apply.

For Your Eyes Alone, Inc., 291 F.3d at 1217.

In this case, on July 21, 2005, the allegedly illegal search warrant for Plaintiffs' premises was issued. On September 28, 2005, Plaintiffs filed this action, complaining the search warrant was illegally obtained. On February 16, 2006, a criminal accusation was filed in Gwinnett County State Court, charging Plaintiff Steven Santhuff with six misdemeanor counts in connection with property seized

during the allegedly illegal search of Plaintiffs' premises.  The parties have not taken discovery in this case, the Court has not held any hearings, the parties have not brought any substantive disputes before the Court, and the Court has not made any rulings in this matter.  Because there have been no proceedings of substance on the merits in this case, and no contested matter has been decided by the Court, the Court finds Younger abstention is appropriate here.[4]  See generally Hicks v. Miranda, 422 U.S. 332, 349 (1975) ("[W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of Younger v. Harris should apply in full force.").

      Having determined Younger abstention applies here, the Court next must determine whether the proper remedy is to dismiss the action or to stay it pending resolution of the state criminal proceeding.  The parties agree that if Younger

---

[4] The Court recognizes the Supreme Court has not decided whether Younger abstention applies to a federal action seeking only monetary relief.  See Deakins v. Monaghan, 484 U.S. 193, 202 (1988).  However, the Eleventh Circuit has applied Younger abstention to damages actions.  See Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985); Simpson v. Rowan, 73 F.3d 134, 137 n.5 (7th Cir. 1996) ("The First, Fourth, Eighth, Tenth, and Eleventh Circuits have abstained under Younger where consideration of § 1983 damage actions would have a substantially disruptive effect upon ongoing state criminal proceedings.").

abstention applies, then a proper remedy is to stay the action, although Defendant requests the Court to dismiss Plaintiffs' Complaint in its entirety.  (See Pls.' Resp. to Def.'s Mot. to Dismiss at 6; Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Dismiss at 8-9.)

In Doby v. Strength, a prisoner brought claims under Section 1983 for violations of his Fourth Amendment rights during an allegedly illegal arrest and search and seizure at his residence.  758 F.2d 1405 (11th Cir. 1985).  The prisoner previously had raised the Fourth Amendment violations at his state criminal proceeding, and his conviction for armed robbery was being reviewed by the state appellate court at the time of the Section 1983 action.  The Eleventh Circuit held that "federal abstention is proper until the state appellate court has decided the relevant issues."  Id. at 1406.

Similarly, in Simpson v. Rowan, plaintiff, while awaiting trial in state court on charges of felony murder, filed suit alleging he was falsely arrested and that his apartment was wrongfully searched without a warrant in violation of his Fourth Amendment rights.  73 F.3d 134, 135 (7th Cir. 1996).  Plaintiff sought compensatory and punitive damages for the alleged violation of his constitutional rights under Section 1983.  The district court abstained under Younger, holding that

the issues raised in plaintiff's Section 1983 action will necessarily involve the issues considered on appeal in the state court proceeding, and dismissed the action. Id. The Court of Appeals agreed with the district court that Younger abstention is appropriate, noting "the potential for federal-state friction is obvious." Id. at 138. The Court of Appeals, however, found that a stay, rather than dismissal, was appropriate because plaintiff's "civil rights claims seek monetary damages -- relief that is unavailable from his pending state proceedings." Id.

Here, Plaintiffs seek the return of their property and substantial monetary damages on the grounds that the search of their premises was based on an illegal search warrant. The legality of the search warrant will be a central issue of both this litigation and the state criminal proceeding. Because adjudication of the Plaintiffs' Section 1983 claims would substantially impact the pending state criminal proceeding, and Plaintiffs here seek monetary damages not at issue in that proceeding, a stay of this action pending resolution of the underlying state criminal proceeding is appropriate.[5]  See Doby, 758 F.2d at 1406; Simpson, 73 F.3d at 139

---

[5] In Scheuerman v. City of Huntsville, the district court refused to stay a suit for damages because plaintiff's Section 1983 claim was based on an officer's alleged use of excessive force, "which occurred *after* the attempted murder alleged in the state indictment . . . ." 373 F. Supp. 2d 1251, 1256-57 (N.D. Ala. 2005).

(holding stay pending resolution of state criminal proceedings, instead of dismissal, is appropriate).  See also Deakins, 484 U.S. at 202-03 (approving Third Circuit's rule which "requires a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceeding. . . .  It allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction where jurisdiction properly exists.'").

Finally, Plaintiffs argue that even if a stay is appropriate as to Plaintiff Steven Santhuff's claims, a stay is not appropriate as to Plaintiff Diana Santhuff's claims because she is not a party to the state criminal proceeding.  In Hicks, the Supreme Court held plaintiffs' interests in the federal suit were intertwined with those subject to the state criminal proceedings.  Hicks, 422 U.S. at 348-49.  "The rule in Younger v. Harris is designed to permit state courts to try state cases free from interference by federal courts . . . .  Plainly, the same comity considerations apply where the interference is sought by some, such as appellees, not parties to the state case."  Id.

---

The court found that "plaintiff's constitutional claims have no bearing on the state criminal proceeding," and "[i]t is not at all clear to the court how [plaintiff] can raise his constitutional claims . . . as a defense in his criminal trial."  Id. at 1256-57.  Scheuerman is distinguishable from this case because Plaintiff will have an opportunity to raise his constitutional claims in the state criminal proceeding.

-**9**-

(quotation and citation omitted).  See also Deakins, 484 U.S. at 210 n.5 (White, J., concurring) (noting district court "would be prudent" to stay claims of plaintiffs who have not been indicted because the claims are "virtually indistinguishable from the substance of the ongoing state criminal proceedings" involving the other plaintiffs).

Here, the interests of Plaintiff Steven Santhuff and his wife, Plaintiff Diana Santhuff, are clearly intertwined.  Their claims involve the legality of the same search warrant and it was executed at Plaintiffs' shared premises.  Plaintiffs' Complaint does not separate Plaintiffs' claim into individual claims; instead, Plaintiffs collectively challenge the constitutionality of the search warrant and seek collective relief from Defendant.  The Court's determination of the validity of the search warrant, even if only considering Plaintiff Diana Santhuff's claims, would impermissibly affect the state criminal proceeding against Plaintiff Steven Santhuff.  Because Younger abstention applies to Plaintiff Steven Santhuff's claims, it applies to those asserted by Plaintiff Diana Santhuff.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [8] is **GRANTED IN PART** and **DENIED IN PART**.  This action is **STAYED** pending the conclusion of the underlying state criminal proceeding.

**IT IS FURTHER ORDERED** that, consistent with the Court's April 5, 2006 oral order, on June 16, 2006, or at the conclusion of the underlying state criminal proceeding, whichever is earlier, the parties shall update the Court regarding the status of the state criminal proceeding.

**SO ORDERED**, this 11th day of April, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE